DOUGLAS J. CLARK, State Bar No. 171499
DANIEL W. TURBOW, State Bar No. 175015
DALE R. BISH, State Bar No. 235390
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dturbow@wsgr.com

Attorneys for Defendants
Anil Bedi, William K. Bowes, Jr., Cesar Cesaratto, Kenneth L. Clark, Laszlo Gal, Robert Gargus, R. Clive Ghest, Murray A. Goldman, Joel O. Holliday, Kambiz Hooshmand, Daryn Lau, Brent E. Little, Barbara Murphy, Faye Pairman, S. Atiq Raza, Fred Shlapak, Stephen Smith, Roger A. Smullen, Sr., Douglas Spreng, Arthur B. Stabenow, Ramakrishna Sudireddy, Julie H. Sullivan, Thomas Tullie, Harvey P. White, Brian Wilkie, Gregory A. Winner, and David B. Wright and Nominal Defendant Applied Micro Circuits Corporation

**IT IS SO ORDERED**
*James Ware*
Judge James Ware

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re APPLIED MICRO CIRCUITS CORPORATION, INC. DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | LEAD CASE NO.: 5:06-cv-04269-JW<br><br>(Derivative Action)<br><br>**CORRECTED [PROPOSED] PRELIMINARY APPROVAL ORDER** |

---

EXHIBIT C: CORRECTED [PROPOSED] PRELIMINARY APPROVAL ORDER

Upon review and consideration of the Stipulation of Settlement, dated January 28, 2008 (the "Stipulation") and the exhibits attached thereto, and as a hearing on the proposed settlement described therein (the "Settlement") is appropriate and necessary;

NOW, **this February 27, 2008,** upon application of the parties, IT IS HEREBY ORDERED as follows:

1. The terms of the Stipulation, and the Settlement provided for therein, are preliminarily approved, subject to further consideration at the Settlement Hearing (defined below).

2. A hearing (the "Settlement Hearing"), pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, shall be held approximately 65 days from the date of this Order on **May 5, 2008 at 9:00 a.m.** the United States District Court for the Northern District of California (the "Court"), in Courtroom 8, on the fourth floor of the United States courthouse at 280 South 1st St., San Jose, CA 95113, to determine the fairness, reasonableness and adequacy of the Stipulation and Settlement, whether the Stipulation and the Settlement should be finally approved by the Court and judgment entered thereon, to hear and determine any objections to the Settlement, and to determine whether and in what amount Plaintiffs' Counsel (as defined in the Stipulation) shall be awarded fees and expenses.

3. The Court reserves the right to adjourn the Settlement Hearing, including consideration of the application for attorneys' fees and expenses, without further notice other than by announcement at the Settlement Hearing or any adjournment thereof.

4. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modification as may be consented to by the parties, if any, to the Stipulation and without further notice.

5. No later than 20 days from the date of this Order, Applied Micro Circuits Corporation, Inc. ("AMCC" or the "Company") shall cause the Notice of Proposed Settlement of Shareholder Derivative Action and Hearing Thereon, Exhibit D to the

- 1 -
EXHIBIT C: CORRECTED [PROPOSED] PRELIMINARY APPROVAL ORDER

Stipulation, ("Notice") to be sent to each shareholder of record via first-class mail and to be posted on the Company's website. AMCC shall also cause the Summary Notice substantially in the form attached to the Stipulation as Exhibit E to be disseminated on *Investors Business Daily*. AMCC shall be responsible for the costs of the notices set forth herein.

6. The form and the method of notice specified herein is the best notice practicable and shall constitute due and sufficient notice of the Settlement Hearing to all persons entitled to receive such notice. AMCC shall file proof of mailing and publication of the Notice and Summary Notice, respectively, no later than 10 days prior to the date of the Settlement Hearing.

7. Any current holder who held AMCC common stock as of January 28, 2008, and who continues to hold such share may appear at the Settlement Hearing and be heard as to whether (i) the proposed Settlement should be approved and the Litigation dismissed with prejudice; and/or (ii) the application by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses should be granted; *provided however,* that no such person shall be heard unless, no later than 15 days prior to the Settlement Hearing, his or her objection or opposition is made in writing and is filed with the Court, together with copies of any supporting papers and briefs upon which he or she intends to rely and a sworn statement attesting to the date of purchase by such person of his or her AMCC common stock and documentation of his or her continued ownership thereof. In addition, such person shall serve and show due proof of service, on or before the aforesaid date, of copies of such objection or opposition, supporting papers and briefs, and sworn statement of purchase and continued ownership upon each of the following counsel:

        Rachele R. Rickert, Esquire
        WOLF HALDENSTEIN ALDER
        FREEMAN & HERZ LLP
        750 B St., Ste 2770
        San Diego, CA 92101

| | |
|---|---|
| Daniel W. Turbow, Esquire<br>WILSON SONSINI GOODRICH &<br>ROSATI P.C.<br>650 Page Mill Rd.<br>Palo Alto, CA 94034 | D. Anthony Rodriguez, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market St.<br>San Francisco, CA 94105 |

Timothy A. Horton, Esquire
McKENNA LONG & ALDRIDGE LLP
750 B St., Ste. 3300
San Diego, CA 92101

8. All papers in support of the proposed Settlement and the application for attorneys' fees and expenses shall be filed no later than 10 days prior to the Settlement Hearing.

9. All papers responding to any shareholder opposition or objection filed pursuant to paragraph 7 above shall be filed no later than 5 days prior to the Settlement Hearing.

10. Any person who fails to object in the manner prescribed above shall be deemed to have waived such objection and forever shall be barred from raising such objection or otherwise contesting the Settlement in this or any other action or proceeding.

11. Pending final determination of whether the Settlement shall be approved, plaintiffs and all current holders of AMCC common stock, or any of them, are barred and enjoined from commencing or prosecuting any action in any court asserting any claims against any of the Related Persons, or any other persons or entities, either directly, representatively, derivatively or in any other capacity, which have been or could have been asserted, or which arise out of, or relate in any way to, the Released Claims.

12. If the Settlement provided for in the Stipulation is approved by the Court or is terminated or shall not become effective for any reason whatsoever, this action shall proceed, completely without prejudice to any party as to any matter of law or fact, as if the Stipulation had not been made and agreed to and had not been submitted to the Court. In that event, neither the Stipulation nor any provision contained in the Stipulation nor any action undertaken or document made pursuant thereto or in connection therewith nor the

negotiation thereof by any party shall be deemed an admission or offered or received in evidence in any proceeding in this action or any other action or proceeding.

SO ORDERED.

Dated: February 27, 2008

_____
JAMES WARE
UNITED STATES DISTRICT COURT JUDGE